UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 21-01039-CJC(JDEx)            Date: October 19, 2021

Title: <u>SONRAI MEMORY LIMITED V. KINGSTON TECHNOLOGY COMPANY, INC. ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Rolls Royce Paschal</u>            <u>N/A</u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT TRANSFER THE PRESENT ACTION TO THE WESTERN DISTRICT OF TEXAS**

     On June 11, 2021, Plaintiff Sonrai Memory Limited brought the underlying patent infringement action against Defendants Kingston Technology Company, Inc. and Kingston Technology Corporation. (Dkt. 1 [Complaint, hereinafter "Compl."].) On the same day, in a related action before this Court, Plaintiff also filed a patent infringement action against Defendants Western Digital Corporation and Western Digital Technologies, Inc. *See Sonrai Memory Limited v. Western Digital Corp. et al.*, No. 8:21-cv-01040-CJC-JDE, Dkt. 1. At issue in both cases is whether Defendants infringed two of Plaintiff's Patents, U.S. No. 6,724,241 ("the '241 patent") and U.S. Patent No. 6,920, 527 ("the '527 patent"). (Compl. ¶¶ 9–16.) Specifically, Plaintiff alleges that Defendant's SanDisk/Toshiba 64L 3D NAND flash chips ("Accused Flash Chips") infringe on its '241 patent. (*Id.* ¶ 11.)

     A few months before Plaintiff brought the present action, Plaintiff brought six additional patent infringement suits concerning the same '241 patent over the same Accused Flash Chips in the Western District of Texas. *See Sonrai Memory Ltd. v. Google LLC*, No. 6:21-cv-00167-ADA (W.D. Tex. 2021); *Sonrai Memory Ltd. v. Samsung Elect. Co. Ltd. et al.*, No. 6:21-cv-00169-ADA (W.D. Tex. 2021); *Sonrai Memory Ltd. v. LG Elec. Inc.*, No. 6:21-cv-00168-ADA (W.D. Tex. 2021); *Sonrai*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 21-01040-CJC(JDEx)            Date: October 19, 2021
                                                                                         Page 2

---

*Memory Ltd. v. Apple Inc.*, No. 6:21-cv-00401-ADA (W.D. Tex. 2021); *Sonrai Memory Ltd. v. Kioxia Corp.*, No. 6:21-cv-00400-ADA (W.D. Tex. 2021); *Sonrai Memory Ltd. v. Dell Technologies*, No. 6:21-cv-00361-ADA (W.D. Tex. 2021).

       The Court learned of the other pending actions through the other case Plaintiff has pending before this Court and issued an Order to Show Cause in that matter as to why the case should not be transferred to the Western District of Texas. *See Sonrai Memory Ltd. v. Western Digital Technologies, Inc. et al.*, No. 8:21-cv-1040, Dkt. 46. As the Court explained in that order, all six of the actions in the Western District of Texas are before the same judge. *Id.* Each is set to proceed under the same schedule, with claim construction disclosures beginning this month, a consolidated *Markman* hearing set for January 19, 2022, and a trial anticipated in each matter in early 2023. *Id.*

       Pursuant to 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C.A. § 1404(a). A transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974)). The purpose of § 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL*-585, 364 U.S. 19, 26-27 (1960)). The Ninth Circuit recognizes that the "'weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.'" *Sparling v. Hoffman Costr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

       The Court is inclined to transfer this case to the Western District of Texas given the similarities and overlap in the patents, parties, accused products, and legal issues involved in the present action and the Texas actions. In the present action and the Texas actions, Plaintiff alleges that the same Accused Flash Chips infringe on the same '241 patent. To have two federal courts invest their resources to interpret the same patent infringement claims, concerning the same products, amongst the same or related parties seems to be the exact type of waste, duplication of effort, and inefficiencies that Section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 21-01040-CJC(JDEx)            Date: October 19, 2021
                                                                        Page 3

---

1404 was designed to protect against. This is especially true considering that the Texas actions are all before the same judge and proceeding under the same schedule.

       Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by **October 26, 2021** why this action should not be transferred to the Western District of Texas. Defendant shall file its response by **November 2, 2021** and Plaintiff may file a reply by **November 9, 2021**. Until resolution of the present issue, the Court **VACATES** the hearing on Defendants' motion to dismiss scheduled for **October 25, 2021 at 1:30 PM**. The Court will reschedule the hearing, if necessary, after the issue of the appropriate venue for this case is resolved.

as

MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk RRP